| | | |
|---|---|---|
| DEVIN HYMAN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FNU MILLER, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Production of Documents,

(Doc. No. 53), and on Defendant Causby's Motion to Strike, (Doc. No. 56).

Pro se Plaintiff Devin Hyman, a North Carolina prisoner currently incarcerated at

Lanesboro Correctional Institution, filed this action on April 15, 2016, pursuant to 42 U.S.C. §

1983, alleging that Defendants used excessive force against him on February 4, 2016, while he

was incarcerated at Alexander Correctional Institution. Plaintiff named the following persons as

Defendants, identified as correctional officers at Alexander at all relevant times: (1) FNU Miller;

(2) FNU Causby; (3) FNU Murry; and (4) FNU Carswell.

On September 23, 2016, the Court found that the action survived initial review. (Doc.

No. 20). Defendants were subsequently served with summons by the U.S. Marshal. On January

3, 2017, Defendant Causby filed an Answer. (Doc. No. 43). On January 31, 2017, Defendants

Carswell and Miller filed an Answer. (Doc. No. 60). On February 8, 2017, the Court granted

Defendant Murry until April 7, 2017, to file an Answer.

On January 25, 2017, Plaintiff filed the pending motion for production of documents in

which he seeks various discovery from Defendants.[1]  On January 27, 2017, Defendant Caubsy

filed the pending motion to strike, seeking for this Court to strike various documents filed by

Plaintiff.

The Court first addresses Plaintiff's Motion for Production of Documents, (Doc. No. 53).

In response, Defendants assert that Plaintiff has not served his discovery responses in compliance

with Fed. R. Civ. P. 34.  Defendants state that they have responded to Plaintiff's production

requests, with limited objections to scope and relevancy, and provided him with over 1000 pages

of requested documents.  Defendants argue that they have, therefore, adequately responded to

Plaintiff's requests.  Plaintiff's motion will be denied, as the period for discovery has not even

commenced in this action.  Discovery will not commence until the Court enters a pretrial

scheduling order, setting forth deadlines for discovery and dispositive motions.  The Court will

not enter a pretrial scheduling order until all Defendants have filed an Answer, and Defendant

Murry has until April 7, 2017, to file his Answer.

Next, as to Defendant Causby's motion to strike, Defendant notes that Plaintiff has filed

multiple documents with the Court, (Doc. Nos. 32, 33, 34, 35, 40, 49, 52, 54), all of which

appear to be aimed at putting "facts" or "evidence" before the Court.  (Id.).  Defendant contends

that Plaintiff also attaches various documents, statements, photographs, and information to his

letters and "pleadings," which lack proper basis or authentication.  (Id.).  Moreover, Plaintiff

appears to use these documents to respond to the Answer filed by Defendant Causby.  (Doc. Nos.

---

[1]  Although Plaintiff's filing, titled "First Request for Production of Documents," appears to be
merely a request for discovery from Defendants, rather than a motion seeking relief from this
Court, the document was docketed in this Court as a motion, and this Court will therefore treat it
as such.

52, 54).

Under Rule 7(a) of the Federal Rules of Civil Procedure, a party may file only the following pleadings in a civil action such as this one: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; (7) if the court orders one, a reply to an answer. FED. R. CIV. P. 7(a). Plaintiff's filings at docket numbers 32, 33, 34, 35, 40, 49, 52, and 54 are improper because they do not constitute any of the listed pleadings under Rule 7. Furthermore, although the parties may also file motions, Plaintiff's filings at docket numbers 32, 33, 34, 35, 40, 49, 52, and 54 do not appear to be related to any pending motion in this matter and appear to be, at the least, superfluous. See FED. R. CIV. P. 7(b). For these reasons, the Court will grant Defendant's motion to strike.

Finally, the Court further warns Plaintiff that if he continues to file documents with this Court that do not comply with Rule 7, those documents will also be subject to be stricken. For instance, the Court notes that since the motion to strike was filed, Plaintiff has filed with the Court four letters that also do not appear to comply with Rule 7.

**IT IS, THEREFORE, ORDERED** that

(1) Plaintiff's Motion for Production of Documents, (Doc. No. 53), is **DENIED**.

(2) Defendant Causby's Motion to Strike, (Doc. No. 56), is **GRANTED**.

Signed: March 10, 2017

Frank D. Whitney
Chief United States District Judge

3