UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-62-FDW

| | |
|---|---|
| DEVIN HYMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU MILLER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Second Motion for Video Footage, (Doc. No. 89); Defendants' Motion to Strike, (Doc. No. 98); and Plaintiff's Motion to Appoint Counsel, (Doc. No. 103).

1. **Plaintiff's Motion to Appoint Counsel, (Doc. No. 103)**

First, in support of the motion to appoint counsel, Plaintiff asserts that he is a layman and does not understand this Court's rules; he is not aware of rule violations until they are committed; and he has mental health issues. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances justifying appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

2. **Defendants' Motion to Strike, (Doc. No. 98)**

Next, Defendants have filed a motion to strike various documents filed by Plaintiff in this matter. Defendants' motion is granted for the reasons stated in the motion—that is, the documents at issue are not allowed under Rule 7(a) of the Federal Rules of Civil Procedure.

**3. Plaintiff's Second Motion for Video Footage, (Doc. No. 89)**

Finally, in this pending, third "motion" for document production, Plaintiff requests for the first time video surveillance from June 18, 2016. The Court denies the motion for the reasons stated in Defendants' brief in opposition. That is, pursuant to the Pretrial Order and Case Management Plan entered by the Court on April 24, 2017, all discovery was to be completed by the parties on August 18, 2017. (Doc. No. 76). This discovery deadline has not been extended by the parties or by the Court. Accordingly, Plaintiff's third "motion" for document production, filed on December 7, 2017, is untimely as discovery has ended in this case.

In addition to being untimely, this is also Plaintiff's first document request for video surveillance from June 18, 2016—a date which has nothing to do the facts of the underlying action. Plaintiff alleged in his underlying Complaint that he was involved in an altercation with correctional officers on February 4, 2016. (Doc. No. 1 at 3). This pending action involves the alleged altercation from February 4, 2016, and it is unclear why video surveillance from June 18, 2016, is relevant to Plaintiff's claims against Defendants.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Second Motion for Video Footage, (Doc. No. 89), is **DENIED**; Defendants' Motion to Strike, (Doc. No. 98), is **GRANTED**; and Plaintiff's Motion to Appoint Counsel, (Doc. No. 103), is **DENIED**.

Signed: February 27, 2018

Frank D. Whitney
Chief United States District Judge