# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
#### 5:16-cv-62-FDW

| | |
|---|---|
| DEVIN HYMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU MILLER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on periodic status review following the return of mail sent to Plaintiff's listed address as undeliverable and based on Plaintiff's failure to respond to this Court's Order dated March 25, 2019. See (Doc. Nos. 117, 118).

## I.  Background

On March 5, 2019, the Court granted summary judgment to Defendants on all but one excessive force claim brought by Plaintiff in this action. (Doc. No. 114). Plaintiff's current address is listed on the docket report as Maury Correctional Institution. On March 14, 2019, the Court received notice that this Court's order was being returned as undeliverable, as Plaintiff is no longer at that address. (Doc. No. 115). The North Carolina Department of Public Safety website indicates that Plaintiff was released from prison on April 19, 2018. There is no updated address for the Court to contact Plaintiff.

On March 25, 2019, this Court entered an order giving Plaintiff ten days in which to notify the Court of his updated address. The March 25 Order expressly warned Plaintiff that if he failed to respond to the Order within ten days, the remaining claim in this action would be dismissed without prejudice and without notice to Plaintiff. More than ten days has elapsed, and Plaintiff

1

has not responded to the Court's Order.

## II. Discussion

Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a pro se plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail).

Because Plaintiff has not updated his address and because he has wholly failed to respond to this Court's March 25 Order, the matter will be dismissed without prejudice based on Plaintiff's failure to prosecute.

**IT IS, THEREFORE, ORDERED that:**

1. This action is dismissed without prejudice.
2. The Clerk's office is respectfully instructed to termination this action.

Signed: April 23, 2019

Frank D. Whitney
Chief United States District Judge